# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

RAPHAEL SCOTT,
DANNISE SCOTT,

      Plaintiffs,

VS.                                    No. 17-2693-SHM-cgc

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

      Defendant.

## REPORT AND RECOMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is the August 6, 2018 motion of Defendant Allstate Vehicle and Property Insurance Company ("Allstate") to dismiss (D.E. # 38). The Motion seeks dismissal pursuant to Fed. R. Civ. P. 37 and 41. Pursuant to Local Rule 7.2, the opposing party shall file a response within fourteen (14) days after service of the motion. Plaintiffs have failed to file a response to the motion.

On May 10, 2018, Allstate filed a motion seeking an order to compel Plaintiffs to completely respond to discovery requests. (D.E. # 26). A hearing on the motion was scheduled and noticed for June 8, 2018. (D.E. # 29) Plaintiffs did not appear at the hearing. (D.E. # 35)

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

On June 11, 2018, an order was entered compelling Plaintiffs to supplement the responses to Interrogatories 8, 9, 10, 11, 17 and 18 by responding in full and without objection to the omissions as described in the February 27, 2018 letter from counsel for Allstate (D.E. # 33-2) within fourteen (14) days of the date of the entry of that order. (D.E. # 32) An affidavit attached as an exhibit to the instant motion avers that Plaintiffs have not tendered supplemental responses.

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*.

It is recommended that the first factor is met as Plaintiffs are willfully not prosecuting

their case. Plaintiffs have failed to cooperate in discovery and have failed to obey the order of the Court. Plaintiffs have not participated in the case since their attorneys withdrew. Defendant has been prejudiced in that it has taken substantial steps to further the case without cooperation from Plaintiffs. Without their cooperation in discovery, Defendant will be unable to prepare an effective defense. As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiffs. The Motion to Dismiss and Order Granting Defendant's Motion to Compel made it clear that dismissal the case was under consideration by the Court. Plaintiffs had an opportunity to comply with the Order to Compel, participate in discovery and possibly avoid dismissal. Plaintiffs have ignored the Court's orders and have failed to meaningfully participate in the case. Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Further, Fed. R. Civ. P. 37(b) and (d) authorize sanctions for the failure to comply with a discovery up to and including dismissal of the action. It is recommended that dismissal is alternatively appropriate under Rule 37 as Plaintiffs were warned that further failure to comply could result in dismissal.

Accordingly, the Court RECOMMENDS that the Motion to Dismiss be GRANTED and Plaintiffs' Complaint be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) or alternatively, pursuant to Fed. R. Civ. P. 37.

Signed this 6th day of September, 2018.

                                            s/ Charmiane G. Claxton
                                            CHARMIANE G. CLAXTON
                                            UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**